### T. J. MCGEHEE *v.* THE STATE.

DEFAULTING WITNESS. — Before entering a fine against a witness for not obeying a subpœna, the materiality of his testimony must be shown to the court, either by the statement of the State's attorney or by the oath of the defendant or some other credible person.   It is error to enter such a judgment on the unsworn statement of a defendant's attorney.

ERROR from the District Court of Atascosa.   Tried below before the Hon. JAMES A. WARE.

No brief for the appellant.

*George McCormick,* Assistant Attorney-General, for the State.

ECTOR, P. J.   It appears from the transcript before us that an indictment was pending in the District Court of Atascosa County against one Marshall C. Kelly, charging him with an assault with intent to murder; that "at the September term, 1874, of the District Court of Atascosa County, to wit, the 24th day of September, A. D. 1874, it appearing to the court that T. J. McGehee had been duly summoned as a witness at the present term of the court, to

testify on behalf of defendant, Marshall C. Kelly, and it appearing from the statement of defendant's counsel that the testimony was material to the defense of said cause, it was therefore ordered by the court that the said T. J. McGehee be held in contempt of court for failing to obey said summons, and that he be fined in the sum of fifty dollars for said contempt."

In obedience to the further order of the court, a *scire facias* was served upon said T. J. McGehee, requiring him to appear at the next regular term of the court, to show cause why the judgment *nisi* should not be made final. The defendant failing to appear at the time and place named in the *scire facias*, but having wholly made default, the judgment was made final by the District Court, and the case is before this court on writ of error.

The proceedings against the plaintiff in error, in the lower court, were had under articles 2918, 2919, and 2920 of Paschal's Digest, which are as follows:

"Art. 2918. A refusal to obey a subpœna in a case of felony less than capital shall subject the witness to a fine not exceeding two hundred dollars, and in a case of misdemeanor to a fine not exceeding one hundred dollars.

"Art. 2919. Before a fine is entered against a witness for disobedience to a subpœna, it must be made to appear to the court, by the oath of the defendant or some other credible person, or the statement of the district attorney, that the testimony of such witness was material either to the prosecution or the defense.

"Art. 2920. When a fine is entered against a witness for a failure to appear and testify, the judgment should be conditional, and a citation shall issue to him to show cause why the same shall not be made final; and such citation shall be served in the manner and for the length of time prescribed for citations in civil actions."

The judgment in this case must be set aside, because it

discloses the fact that a fine was entered against the plaintiff in error on the bare " *statement* of defendant's counsel " that the testimony of the witness T. J. McGehee was material to the defense in the said case of *The State* v. *Marshall C. Kelley*. The recitals in the judgment herein do not authorize us to presume that this statement, made by the defendant's counsel, was supported by his own oath or that of any other credible person.

The judgment of the District Court is reversed and the cause remanded.

*Reversed and remanded.*